William T. KELLEY, Charles P. Scott, Linwood Spruell, Fletcher Parker, Jr., Richard I. Johnson, Jr., George B. Gates, Linwood McGlone, and Earnest Carlton, Individually and on behalf of all others similarly situated, Appellants,

v.

NORFOLK AND WESTERN RAILWAY COMPANY, a Corporation, Appellee.

No. 77–1562.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1978.

Decided Sept. 19, 1978.

Alan P. Owens, Norfolk, Va. (Smith, Power & Owens, Norfolk, Va., on brief), for appellants.

James T. Turner, Norfolk, Va. (Williams, Worrell, Kelly & Greer, Norfolk, Va., on brief), for appellee.

Before WINTER and RUSSELL, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM:

This is a discrimination case begun by six employees in the 38th Street Car Shop of the defendant. Two additional employees were later permitted to intervene. Both individual and class relief were sought. The District Court, however, denied class certification and, after trial, dismissed the individual claims of discrimination. The plaintiffs have appealed both the denial of class certification and the dismissal of their individual claims.

We affirm.

■ The first claim of error raised by the plaintiffs arises out of the denial of class certification. It seems to be the plaintiffs' assumption that a mere allegation of racial discrimination requires class certification as a matter of course; and that such an allegation carries on its face the criteria for certification. *East Texas Motor Freight v. Rodriguez* (1977) 431 U.S. 395, 405–406, 97 S.Ct. 1891, 52 L.Ed.2d 453, however, declared categorically that a racial discrimination suit, to qualify for class certification, must like any other type of action satisfy the requirements of Rule 23(c), Fed.R.Civ.P. Applying the criteria of Rule 23(c) the District Court found that the plaintiffs in this case failed to satisfy the numerosity requirement for certification. Whether this finding was error turns on the nature of the claim of discrimination asserted by the plaintiffs and the number of persons who could have been injured by such discrimination.

■■ There is no mechanical test for determining whether in a particular case the requirement of numerosity has been satisfied. The issue is one primarily for the District Court, to be resolved in the light of the facts and circumstances of the particular case. The basic claim of discrimination, of which the plaintiffs complain, involves promotions from car repairman to gang-leader or foreman. This the plaintiffs made plain in their brief in this Court, reiterating the position taken by them in the District Court: "The main thrust of appellants' [*i. e.*, the plaintiffs'] complaints relate to the promotion system as employed by the Norfolk and Western." There are but 67 black employees in the facility. The plaintiffs do not contend that all of them qualified for promotion and had been denied promotion because of their race. In fact, they identify but eight black employees so qualified. Moreover, in the relevant period, there were only 25 promotions to gang-leader or foreman. It could be argued persuasively that the appropriate class could not exceed 25 since that was the maximum number of promotion openings for which black car repairmen could have competed. Perhaps an argument that the appropriate class should be confined to those eight the plaintiffs identify to have been qualified for consideration for promotion. It might be that under some theory, the appropriate class would embrace all the black car repairmen, irrespective of qualification for promotion, though we have difficulty in finding a basis for such a result. The District Court considered all these circumstances and then observed that all 67 of the black employees and all eight identified as qualified for promotion work at the facility and lived in the Norfolk area. The District Court found under these facts that certification of the action as a class action was not necessary and that, if there were others at the facility who felt aggrieved because of a claim of discrimination in promotion it would be reasonable to expect them to intervene.[1] Indeed, the District

1. This ruling seems in line with the result reached in most of the mass of cases reviewed by Professor Miller and referred to in his recent monograph, *An Overview of Federal Class Actions: Past, Present and Future*, published by the Judicial Center, at pp. 22 and 23, on the determination of numerosity in the class certification context.

Court concluded its order denying certification by inviting intervention by other employees. Two employees did intervene. Under the circumstances, we find no error in the District Court's denial of certification because of a lack of numerosity.

█ The plaintiffs complain next of the failure of the District Court to find discrimination in the denial of a transfer from laborer to the car repairman craft without loss of seniority under the defendant's seniority system. However, no such claim of discrimination was raised in any charges filed with the EEOC, nor was such a claim raised by the EEOC in its investigation of the charges filed. Neither was it raised in the complaint. One of the plaintiffs, however, did at trial raise this claim but the Court found that such employee was wholly unqualified to transfer from a laborer to an apprentice car repairman. Since the issue was never raised before trial and then only by one who was without a meritorious claim, we find no error in the action of the District Court. *See Trans World Airlines, Inc. v. Hardison* (1977) 432 U.S. 63 at 82, 97 S.Ct. 2264, 53 L.Ed.2d 113.

█ The final claim of error by the plaintiffs is directed at the dismissal of their individual claims. The District Court, however, very carefully analyzed the testimony of the parties and made detailed findings of fact. These findings are not clearly erroneous. Absent such clear error, those findings are not subject to challenge on appeal.

The judgment of the District Court is accordingly

AFFIRMED.